MARY'S OPINION HEADING 






                                                                                    NOS. 12-04-00167-CR
 12-04-00168-CR
 12-04-00169-CR
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS
DANNY LEE DUSTMAN,                                 §                 APPEAL FROM THE 173RD
APPELLANT
 
V.                                                                         §                 JUDICIAL DISTRICT COURT OF

THE STATE OF TEXAS,
APPELLEE                                                        §                 HENDERSON COUNTY, TEXAS
                                                                                                                                                            
MEMORANDUM OPINION
            Upon his pleas of guilty, a jury convicted Appellant, Danny Lee Dustman, of the offense of
indecency with a child by sexual contact and two separate offenses of indecency with a child by
exposure. The jury assessed Appellant’s punishment at confinement for twenty years in the
indecency with a child by sexual contact case and five years in each of the indecency by exposure
cases. Appellant contends in his first issue that the trial court erred in admitting evidence that the
victim’s half-brother sexually abused her. In his second issue, Appellant maintains that the trial
court erred in refusing to grant a mistrial after the prosecutor argued that the defendant had sexual
intercourse with at least three victims when there was no evidence supporting the prosecutor’s
assertion. We affirm.
 
Background
            The victim is Appellant’s daughter. She testified that from the time she was nine years old
until she was fifteen, Appellant would on occasion fondle her breasts and expose his genitals to her
while masturbating. This happened over twenty times. When she was twelve, her half-brother
moved in with her family, and he began to physically and sexually abuse her. It was her
understanding that her father did not know of the abuse by her half-brother. She told her mother
what Appellant was doing. But her father threatened to hurt her mother and “to take her down with
him” if she told anyone. The victim testified that she refrained from telling anyone out of fear that
her father might hurt her mother. Finally, she told a friend who lived across the street about her
history of abuse. He told his mother, and his mother reported it to the sheriff’s department. Deputies
from the sheriff’s department arrested Appellant shortly thereafter.
            Appellant’s wife testified that when she threatened to leave him and tell someone about what
he was doing to their little girl, he beat her and threatened to kill both her and their daughter. Both
the victim and her mother told the jury that they wanted Appellant to receive probation.
 
Admission of Evidence of Extraneous Offenses
            In his first issue, Appellant contends the trial court erred in admitting evidence of the half-brother’s abuse of the victim.
            In his direct examination of the victim, the prosecutor asked “what types of things would
your brother do to you.” Defense counsel objected that evidence of the half-brother’s bad acts was
not relevant. The prosecutor insisted that if Appellant knew of the abuse and allowed it to continue,
Appellant had violated the law, and evidence of that offense was admissible and relevant to the
jury’s determination of punishment. The trial court overruled Appellant’s objection, and the
prosecutor continued his examination, as follows:
 
              Q:          Now, _____, we were talking about when your brother Cody moved in with you. 
Do you remember that?
 
              A:          Yes, sir.
 
              Q:          And after the time that he moved into the house with you and your mother and the
Defendant, did he also start physically and sexually abusing you?
 
              A:          Yes, sir.
 
              Q:          And was it your understanding at that time that your father was aware of that abuse?
 
              A:          No, sir.
 
              Q:          Do you recall if your dad ever knew what was going on between Cody and you?
 
              A:          My understanding was neither one knew about the other.


There is no evidence in the record that Appellant knew Cody sexually abused his sister.
            Appellant argues that by injecting evidence of offenses committed by another family member,
the prosecutor was attempting to persuade the jury to punish him, not only for his crimes, but also
for the crimes of the victim’s half-brother.
            Later during his cross-examination of Appellant’s wife, the prosecutor questioned her, as
follows:
 
              Q:          Are you aware that your husband has been convicted of other cases in other
counties?
 
              A:          No, sir, I wasn’t.
 
              Q:          So that’s something you’re not aware of?
 
              A:          No, sir.


            Appellant did not object to the questions pertaining to her knowledge of Appellant’s other
convictions, and error, if any, was not preserved. There is no evidence in the record that Appellant
had ever been convicted of another offense, although it is apparent that the questions were framed
to imply that Appellant had other convictions.
            Appellant argues that the State’s introduction of evidence of the half-brother’s sexual abuse,
coupled with the later improper questions asked the wife, operated to deny him due process
guaranteed by the First and Fourteenth Amendments to the United States Constitution and the
corresponding articles of the Texas Constitution.
Admissibility of Testimony
            Appellant objected to the State’s eliciting testimony from the victim that her brother sexually
abused her. Appellant insists that the evidence was not relevant to the jury’s determination of his
punishment, but inflammatory and prejudicial. In determining relevancy, the reviewing court looks
at the purpose for offering the evidence. The relevance test is satisfied if there is some logical
connection between the fact offered and the fact to be proved. Moreno v. State, 944 S.W.2d 685,
691 (Tex. App.–Houston [14th Dist.] 1997), aff’d, 22 S.W.3d 482 (Tex. Crim. App. 1999). Where
the appellate court can say with confidence that by no reasonable perception of common experience
can it be concluded that proffered evidence has a tendency to make the existence of a fact of
consequence more or less probable than it would otherwise be, then it can be said that the trial court
abused its discretion to admit that evidence. Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim.
App. 1990) (op. on reh’g).
            Evidence of the half-brother’s abuse of the victim without Appellant’s knowledge had no
relevance to the determination of Appellant’s punishment, although it serves to prove, if any proof
were necessary, that Appellant was the head of an extremely dysfunctional family. The trial court
erred in allowing the testimony. Appellant argues that the erroneous admission of evidence of the
half-brother’s abuse of his sister coupled with the prosecutor’s contrived questions to his wife
implying he had other convictions operated to deprive him of a fair trial, a denial of due process.
            We do not reach Appellant’s due process argument, because Appellant did not object to the
State’s asking his wife “[a]re you aware that your husband has been convicted of other cases in other
counties?” Therefore, error, if any, was not preserved. However, we must determine whether
Appellant was harmed by the erroneously-admitted testimony about the half-brother’s abuse of the
victim.
Harm Analysis
            Texas Rule of Appellate Procedure 44.2 mandates two different standards of harmless error
review: one for constitutional error that is subject to harmless error review and another for other
error. The rule provides, as follows:
 
 (a) Constitutional Error. If the appellate record in a criminal case reveals constitutional error that
is subject to harmless error review, the court of appeals must reverse a judgment of conviction or
punishment unless the court determines beyond a reasonable doubt that the error did not contribute
to the conviction or punishment.
 
 (b) Other Errors. Any other error, defect, irregularity, or variance that does not affect substantial
rights must be disregarded.


Tex. R. App. P. 44.2(a), (b).
            A trial court’s erroneous admission or exclusion of evidence does not constitute
constitutional error unless a correct ruling was constitutionally required; a mere misapplication of
the rules of evidence is not constitutional error. Fox v. State, 115 S.W.3d 550, 563 (Tex.
App.–Houston [14th Dist.] 2002, pet. ref’d). A substantial right is affected by nonconstitutional
error and a new trial required when the record shows that the error had a substantial and injurious
effect on the jury’s determination of the appellant’s guilt or its assessment of the appellant’s
punishment. Veteto v. State, 8 S.W.3d 805, 815 (Tex. App.–Waco 2000, pet. ref’d).
            The trial court’s admission of irrelevant evidence was erroneous under the rules of evidence,
but a correct ruling was not constitutionally required. Therefore, there was no constitutional error.
Since the error was not one of constitutional dimension, we must determine if the erroneously
admitted evidence contributed to enhance the jury’s assessment of Appellant’s punishment. 
Appellant argues that substantial harm is demonstrated by the jury’s assessment of his punishment
at the maximum of twenty years although he had no prior criminal record.
            First, we note that any harm was substantially, if not entirely, mitigated by the victim’s
assertion that Appellant did not know her half -brother sexually abused her. The prosecutor pursued
the matter no further in his examination, and he did not mention it in argument. Moreover, the jury
heard uncontradicted evidence showing that, despite his daughter’s protests, Appellant subjected her
to six years of sexual abuse while threatening to kill both her and her mother if either of them
revealed his crime. We conclude that the jury was persuaded to fix Appellant’s punishment at the
maximum of twenty years by the evidence properly admitted and not by irrelevant testimony about
the half-brother’s abuse of the victim. The error did not affect Appellant’s substantial rights and
must be disregarded. See Tex. R. App. P. 44.2(b).
 
Improper Argument
            In his second issue, Appellant complains that the trial court erred in denying his motion for
mistrial after the prosecutor argued that Appellant “admitted to having sex with at least three
victims,” implying that Appellant had sexual intercourse with three other children. Although there
was evidence that he had sexually abused three other children, the record does not show the nature
of that abuse. There was no evidence that he had engaged in sexual intercourse with any of the
victims.
            The prosecutor’s argument, Appellant’s objection, and the trial court’s ruling are as follows:
 
Prosecutor:I want to talk to you about the facts that you have heard. I want you to talk
about the fact that you know Defendant plead guilty to three of the thirty
or so assaults that he perpetrated on his daughter. I want you to talk about
the fact that the Defendant admitted to having sex with at least three
victims. And I want you to talk about –
 
[Defense Counsel]:Your Honor, I object to the misstatement of admitting to having sex. I
don’t think that was ever admitted to or stated, and I think it’s a –
 
              Prosecutor:                         I withdraw it.
 
              [Defense Counsel]:            – misstatement of the evidence and ask the jury to disregard –
 
              The Court:                         The jury will disregard the last comment.
 
              [Defense Counsel]:            And move for a mistrial.
 
              The Court:                         Overruled.
 
Prosecutor: I want you to think about the fact that you heard testimony from the
Defendant’s own expert that he had had some type of sexual contact with
at least three victims. I want you to talk about the fact that the
Defendant’s own expert, an expert that he brought in court here today, the
expert that got up there and talked about him not being a pedophile. He’s
not a pedophile because he only abuses his family members. I want you
to talk about and think whether or not that’s better or worse, he only
abuses people who should really trust him and not strangers.


              The four areas of permissible jury argument are 1) summation of the evidence, 2) a
reasonable deduction from the evidence, 3) an answer to argument of opposing counsel, and 4) a plea
for law enforcement. Rocha v. State, 16 S.W.3d 1, 21 (Tex. Crim. App. 2000). Even when the
prosecutor’s arguments go beyond these four areas, there is no reversible error unless the arguments
are extreme and manifestly improper, violate a mandatory statute, or inject new facts harmful to the
accused into the proceeding. Wesbrook v. State, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000). Harm
from improper arguments will, in most cases, be cured by the sustaining of an objection and a
curative instruction to the jury to disregard the remarks. Melton v. State, 713 S.W.2d 107, 114 (Tex.
Crim. App. 1986).
            If the improper argument was one of constitutional magnitude, such as a reference to the
failure of the accused to testify, the court of appeals must reverse a judgment of conviction or
punishment unless the court determines beyond a reasonable doubt that the error did not contribute
to the conviction or punishment. Tex. R. App. P. 44.2(a). “Any other error, defect, irregularity, or
variance that does not affect substantial rights must be disregarded.” Tex. R. App. P. 44.2(b). In
applying Rule 44.2(b) to improper argument cases, the courts generally looks to three factors: 1) the
severity of the misconduct, 2) the measures adopted to cure the misconduct, and 3) the certainty of
conviction absent the misconduct. Mosley v. State, 983 S.W.2d 249, 259 (Tex. Crim. App. 1998)
(citing United States v. Millar, 79 F. 3d 338, 343 (2nd Cir. 1996); United States v. Palmer, 37 F.3d
1080, 1085 (5th Cir. 1994)). The appellate court reviews the denial of a mistrial for abuse of
discretion. Simpson v. State, 119 S.W.3d 262, 272 (Tex. Crim. App. 2003).
            The prosecutor’s mischaracterization of Appellant’s abusive sexual acts as “having sex” was
not, in its context, extreme. Nor does it appear to have been done willfully. The prosecutor
acknowledged his misstatement before Appellant’s attorney could complete his objection. The trial
judge promptly instructed the jury to disregard the challenged comment. Mistrial is appropriate for
only highly prejudicial errors. Id. The argument in the instant case was not so prejudicial that its
effect could not be cured by the trial judge’s instruction. The trial court did not err in denying
Appellant’s motion for mistrial. Appellant’s second issue is overruled.
 
Disposition
            The judgments of the trial court are affirmed in all three cases before us.
 
                                                                                                             BILL BASS 
                                                                                                        Justice




Opinion delivered August 17, 2005.
Panel consisted of Griffith, J., DeVasto, J., and Bass, Retired Justice, Twelfth Court of Appeals, Tyler, sitting by
assignment.


(DO NOT PUBLISH)